# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2021

Lyle W. Cayce
Clerk

No. 20-10616
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOYDETH ROBINSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-269-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Joydeth Robinson pleaded guilty, pursuant to a plea agreement, to one count of sexual exploitation of children. Her offense of conviction involved the production of an image of one of her minor daughters posed in a lewd and lascivious manner. As part of the plea agreement, the Government dismissed

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

an additional count of sexual exploitation of children involving her other minor daughter.

On appeal, Robinson challenges the portion of the presentence report (PSR) that included a "pseudo count" and multiple count enhancement under U.S.S.G. §§ 2G2.1(d)(1) and 3D1.4 for the conduct related to the dismissed count. She did not object in the district court, so we review for plain error. *United States v. Randall*, 924 F.3d 790, 795-96 (5th Cir. 2019).

We pretermit whether Robinson has shown an error that was clear or obvious under *Randall* because she has failed to demonstrate that any error affected her substantial rights. *See United States v. King*, 979 F.3d 1075, 1081-82 (5th Cir. 2020). With the multiple count enhancement and a three-level reduction for acceptance of responsibility, the PSR calculated Robinson's total offense level as 44, which was reduced to 43 by U.S.S.G. Ch. 5, Pt. A, cmt. n.2. Absent the multiple count enhancement, Robinson's total offense level is 42. But in both cases, the advisory guidelines sentence remains unchanged at 360 months of imprisonment because the statutory maximum term of imprisonment applies. *See* U.S.S.G. §5G1.1(a); *King*, 979 F.3d at 1081-82. Thus, the guidelines range is unaffected by the error, and Robinson has otherwise failed to show any effect on her substantial rights or a miscarriage of justice. *See King*, 979 F.3d at 1083.

The judgment is AFFIRMED.